[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
One defendant, Prudential Connecticut Realty, Inc. (Prudential), moves to strike the seventh count of the plaintiffs second, revised complaint, which count purports to set forth a violation of the Connecticut Unfair Trade Practices Act (CUTPA), G.S. ch. 735a.
The seventh count incorporates by reference the first thirteen paragraphs of the first and second counts. These paragraphs aver that Prudential was the listing agent for the owner of real property which was listed for sale at $79,900; that the owner, with Prudential's assistance, negotiated with the plaintiff and contracted for the sale of the property to the plaintiff for $75,000; that the plaintiff paid a deposit to Prudential to secure said sale; that certain expenses were incurred by the plaintiff preparatory to closing; that a closing date was set but delayed at the owner's request; and that the owner refused to close although the plaintiff was read willing, and able to complete the purchase.
Prudential contends that, while such allegations may set forth a cause of action for breach of contract, they are insufficient to state a claim under CUTPA. The court agrees.
In determining whether conduct violates CUTPA, the criteria described as the "cigarette rule" apply. A-G Foods Inc. v.Pepperidge Farms, 216 Conn. 208, 215 (1990). These criteria are:
(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise and whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; CT Page 6780
(2) whether it is immoral, unethical, oppressive, or unscrupulous;
(3) whether it causes substantial injury to consumers, competitors, or other businessmen.
The plaintiff makes no argument that any legislative scheme or public policy was offended by this single breach of contract. The pleadings are devoid of any factual allegations supporting fraud, deceit, misrepresentation, manipulation, discrimination, or any other aggravating circumstance by which the owner's refusal to close pursuant to the sales contract can cause Prudential's conduct to be characterized as immoral, unethical, oppressive, or unscrupulous. A CUTPA claim must be pleaded with enough particularity to allow evaluation of the legal theory upon which it is founded. S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 797
(1993).
The complaint merely alleges an isolated breach of contract to sell real estate. Noncompliance with a contract, standing alone, fails to establish a valid CUTPA claim.
The motion to strike is granted as to the seventh count.
Sferrazza, J.